UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRASK O'RYAN WILLIAMS,

Plaintiff,

v. Case No. 8:26-cv-3026-JLB-AAS

U.S. MARSHALS SERVICE, *et al.*,

Defendants.
_______________________________/

**ORDER**

Before the Court is Mr. Williams's complaint filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). Mr. Williams, an Oregon prisoner, names as Defendants the U.S. Marshals Service and one of its employees in its Tampa, Florida office, Agent Luck. (*Id.* at 2). He alleges that on July 31, 2026, Agent Luck received a certified letter from him requesting that the Marshal send him his "case file," but he has not yet received it. (*Id.* at 5). He contends that without the "file," his "legal work is being impeded." (*Id.*). As relief, he seeks either an order from this Court directing Defendants to send him his "file" or $10,000.00 in punitive damages. (*Id.* at 6). After reviewing the complaint as required by 28 U.S.C. § 1915A,[1] the Court concludes that the complaint must be dismissed.

---

[1] Section 1915A states in pertinent part that:

## DISCUSSION

### I. Official Capacity Claims

Mr. Williams brings suit against the U.S. Marshals Service in its official capacity and against Agent Luck in both his official and individual capacities. (Doc. 1 at 2). "While a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity." *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001)). Thus, the *Bivens* claim against the U.S. Marshals Service and Agent Luck in his official capacity is dismissed with prejudice.

### II. Individual Capacity Claim

Mr. Williams also raises a *Bivens* claim against Agent Luck in his individual capacity. (Doc. 1 at 2). Although Mr. Williams fails to identify which

---

(a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

constitutional right Agent Luck has violated, liberally construing Mr. Williams's *pro se* complaint, as this Court must, he appears to allege that Agent Luck's failure to send him his "file" is interfering with his right to access the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002) (recognizing that a right of access to courts arises from the First, Fifth, or Fourteenth Amendments).

Mr. Williams has no remedy under *Bivens* for this claim. The Supreme Court has approved a *Bivens* remedy in only three contexts: a Fourth Amendment action alleging an unreasonable search and seizure; a Fifth Amendment action alleging gender discrimination; and an Eighth Amendment action alleging deliberate indifference to serious medical needs. *See Montalban v. Samuels*, 2022 WL 4362800, at *3 (11th Cir. Sept. 21, 2022) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017)). The Supreme Court has never recognized a *Bivens* remedy for a violation of a plaintiff's right of access to the courts. *Id.* at *4. And the Court declines to extend *Bivens* in this context. *See Egbert v. Boule*, 596 U.S. 482, 491 (2022) (stating that a court's "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity'") (quoting *Ziglar*, 582 U.S. at 135). Thus, Mr. Williams fails to state a claim against Agent Luck in his individual capacity.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.[2]

2. The Clerk is **DIRECTED** to close this case.

**DONE and ORDERED in Tampa, Florida, on October 19, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

[2] A more carefully drafted complaint could not state a claim because Mr. Williams cannot state a *Bivens* claim against the defendants for denying him his “file” and access to the courts.